IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

THELMA LOUISE DEMPSEY and
OSCAR DENNIS DEMPSEY, her
husband,

      Plaintiffs,

v.                              Civil Action No. 2:05-cv-00217

WAL-MART STORES EAST, L.P.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On December 9, 2005, the court entertained a hearing upon Defendant's Motion to Strike (docket # 15), having considered this motion and Plaintiffs' Response thereto (docket # 23). These pleadings and the posture of the case reflected that the parties have failed to adhere to the Federal Rules of Civil Procedure.

The record reflects that prior to filing suit, Plaintiffs' counsel requested an opportunity to view Defendant's in-store videotape of this personal injury incident, as well as an opportunity to inspect and photograph the clothing display rack, the area in which the incident occurred, and the metal object which struck Mrs. Dempsey. Prior to the filing of the Complaint, Wal-Mart refused those requests, and was within its rights to do so:

the Federal Rules of Civil Procedure do not engage until an action commences in court.

After suit was filed, however, Plaintiffs objected to certain of Defendant's Interrogatories and Requests for Production on the grounds that Defendant had denied these early requests. While Plaintiffs have admitted that one of these objections was lodged in error, Plaintiffs still maintain that this is a valid objection and reason to refuse other legitimate discovery.

Plaintiffs are in error. The Federal Rules do not countenance gamesmanship or retaliation in discovery. Instead, each party is expected to know the Rules and adhere to them _fully_, regardless of their adversary's conduct. Defendant's requests seek eminently discoverable information, and Plaintiffs' objections are baseless.

Moreover, the Plaintiffs' responses, as initially propounded, lacked verification as required by the Rules. The verification was apparently filed on September 20, 2005, almost one month after the responses were due. (Docket # 23, p. 3.) This further demonstrates a lack of compliance with the Federal Rules, again without excuse.[1]

Unfortunately, however, Defendant likewise has failed to

---

[1] Defendant also raised a timeliness issue with Plaintiffs' responses, in that the responses were mailed but not received by the agreed extended date. The court perceives this as a communication error between the parties as to whether mailing or delivery was required by the agreed date, and makes no ruling on this issue.

correctly apply the Rules.  Defendant styles its motion as a Motion to Strike under Rule 37.  However, a Motion to Strike is improper because the predicates for such motion have not occurred.  First, there has not been a motion to compel.  There has not been a ruling in Defendant's favor or a court order directing Plaintiffs to answer discovery.  It is the violation of a court order mandating discovery that triggers sanctions such as striking out pleadings—-- not the mere lodging of an improper objection.  Fed. R. Civ. Pro. 37(b)(2)(2005).   Even so, here, it would be even more unjust to adopt Defendant's reading of the Rules, because Defendant filed its Motion without any good faith attempt to resolve the insufficient answers prior to filing.  As Plaintiffs indicated, while Defendant sent one letter indicating that Plaintiffs' responses were overdue, Defendant made no effort to address the deficiencies in Plaintiffs' answers once they were received.  Instead, Plaintiffs' first notice of Defendant's complaints with their responses was Defendant's Motion to Strike.  To the extent Defendant wishes its motion to be construed as a Motion to Compel, this failure violates the requirement that the parties confer in good faith and attempt to resolve disputes without court intervention.  Fed. R. Civ. Pro. 37(a)(2)(2005).

Finally, interrogatories and requests are not "pleadings," as defined by Fed. R. Civ. Pro. 7(a), and thus are not eligible to be stricken as a Rule 37 sanction.

For all of these reasons, the Motion to Strike (docket # 15) is **DENIED**.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER** this 9th day of December, 2005.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge